Gilmore, C. J.
This was an indictment for unlawfully using an instrument with the intent of producing an aboi-tion, and not an indictment for homicide. The State v. Barker, 28 Ohio St. 583; The People v. Davis, 56 N. Y. 95.
The death of R. G. was not the subject of the charge, and the death was alleged only as a consequence of the illegal act charged, which latter was the only subject of investigation.
*80 Did the court err in rejecting the dying declarations of R. G. in proof of the charge?
We think not. The general rule is that dying declarations are admissible only when the death of the declarant is the subject of the charge, and the circumstances of the death are the subject of the dying declarations. Rex v. Mead, 2 B. & C. 605; 1 Greenl. Ev. § 156; Rex v. Lloyd, 4 C. & P. 233; Runyan v. Price, 15 Ohio St. 8.
Upon an indictment for feloniously using an instrument upon the person of a woman, who afterward died, with intent to procure an abortion, the dying declarations of the woman are inadmissible. Reg. v. Hind, 8 Cox C. C. 300; 56 N. Y., supra.

Exceptions overruled.